IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| WILLIE LEE STRONG,<br>　　　Petitioner, | §<br>§<br>§ | |
| v. | § | EP-23-CV-415-DB |
| | § | |
| RICHARD WILES, Sheriff,<br>　　　Respondent. | §<br>§<br>§ | |

## **DISMISSAL ORDER**

Petitioner Willie Lee Strong challenges Respondent Richard Wiles' custody of him through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1. He asks the Court to intervene and order Wiles to release him from his "illegal" pretrial detention because his bail is excessive. *Id.* at 2. His petition is dismissed for the following reasons.

Strong was indicted on August 24, 2022, for felony assault causing bodily injury to a family member in cause number 20220D03196 in 409th District Court of El Paso County Texas. Unable to make bail, he remained in pretrial detention in the El Paso County Jail Annex awaiting trial. *Id.* He pleaded not guilty, and the charge against him was dismissed on November 8, 2023. El Paso County, Criminal Case Records Search Results, Register of Actions, casesearch.epcounty.com /PublicAccess/CaseDetail.aspx?CaseID=100 (search for Case: 20220D03196) (last visited Dec. 11, 2023). As a result, Strong has already received the sole relief sought in his § 2241 petition: release from pretrial detention. And his release has mooted his petition because there is no longer a live case or controversy for which this Court may grant relief under § 2241. *Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir.), *cert. denied*, 142 S. Ct. 82 (2021). His petition is, therefore, subject to dismissal as moot.

Furthermore, Strong did not pay the $5.00 filing fee or apply to proceed without prepaying costs and fees when he filed his § 2241 petition. Strong was accordingly ordered on October 16,

2023, to either (1) pay the filing fee or (2) apply to proceed *in forma pauperis* within twenty-one days of the entry of the order. Strong was warned that his failure to comply with the Court's order within the time specified could result in the dismissal of his petition without further notice to him, pursuant to Federal Rule of Civil Procedure 41(b). *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir.1998). Strong was told "[t]his authority [under Rule 41(b)] flows from the Court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

As of this date, Strong has not paid the $5.00 filing fee or filed an application to proceed *in forma pauperis*. Indeed, his copy of the Court's order, which was mailed to him at the El Paso County Jail Annex, was returned "REFUSED, UNABLE TO FORWARD." Letter, ECF No. 7 at 1. So, he is apparently no longer interested in pursuing this matter.

Therefore, after due consideration and for these reasons, Strong's petition is **DISMISSED WITHOUT PREJUDICE**.

SIGNED this 12th day of December 2023.

DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE